## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

CARL C. ADAMS                 )
                                  )
       Petitioner,          )
                                    )
         v.               )         Case No.   12-cv-1327
                                    )
UNITED STATES OF AMERICA   )
                                    )
       Respondent.       )

## O R D E R   &   O P I N I O N

This matter is before the Court on Petitioner's Motion Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Doc. 11) and Petitioner's Motion to Request Counsel (Doc. 10). For the reasons stated below, the Petitioner's Rule 60(b) Motion is dismissed for want of jurisdiction. Because the Court does not have jurisdiction over Petitioner's Rule 60(b) Motion, Petitioner's Motion to Request Counsel is denied as moot.

### BACKGROUND

Petitioner was charged with Distribution of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(1) and (b)(1), in criminal case number 09-cr-10094. On May 4, 2010, Petitioner filed a document entitled "Open Plea of Guilty," in which he explained that he wished to plead guilty although he had not entered a plea agreement with the government. (09-cr-10094, Doc. 24). A change of plea hearing was held before Magistrate Judge Gorman the same day. (09-cr-10094, Doc. 48). After engaging in a discussion with Petitioner to ensure that he understood the

charge, his rights, and the consequences of his plea, Judge Gorman accepted the guilty plea and issued a Report and Recommendation to this Court. (09-cr-10094, Doc. 26). This Court adopted Judge Gorman's Report and Recommendation on May 24, 2010, and thereby accepted Petitioner's guilty plea. (09-cr-10094, Doc. 31). The undersigned sentenced Petitioner to 180 months in prison and 10 years of supervised release. (Doc. 1 at 1). His sentence was affirmed on appeal. *United States v. Adams*, 646 F.3d 1008 (7th Cir. 2011).

Petitioner filed a § 2255 Motion on August 28, 2012. (Doc. 1). In it, he argued that his appointed counsel provided ineffective assistance because he failed to fully inform Petitioner of the sentencing guideline range he would face if he pled guilty. (Doc. 1 at 3-4; Doc. 2 at 1-2). More specifically, he argued that this attorney "was ineffective for failing to advise him of the enhancement consequences of his guilty plea." (Doc. 7 at 4). This Court denied the motion on April 15, 2013 and declined to issue a certificate of appealability. (Doc. 8 at 10). Petitioner did not appeal, but filed this Rule 60(b) motion on August 29, 2014.

## DISCUSSION

In the motion before the Court, Petitioner seeks to re-open his § 2255 proceeding on the basis that his criminal conviction is void. (Doc. 11 at 2-4). Petitioner relies upon a recent Seventh Circuit opinion that held that magistrate judges do not have statutory authority under the Federal Magistrates Act to accept felony guilty pleas. *See United States v. Harden*, 758 F.3d 886, 888 (7th Cir. 2014).[1] Petitioner argues that *Harden* entitles him to relief under Federal Rule of Civil

---

[1] A federal magistrate may, however, conduct a plea colloquy for the purpose of making a report and recommendation to a district judge. *Id.* at 891.

Procedure 60(b)(4) or (6), under which courts may relieve a party from a final judgment if "the judgment is void" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(4),(6).

Petitioner's Rule 60(b) motion, which challenges the validity of his criminal conviction and does not challenge the validity of the Court's decision dismissing his § 2255 motion, is dismissed for want of jurisdiction. Though captioned as a Rule 60(b) motion, it is properly characterized as a successive postconviction claim because it "challenges the legality of his detention and seeks release." *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007). Petitioner attempts to wiggle out of this conundrum by asserting that he "seeks only to vacate the federal court judgment dismissing the Section 2255 petition" and arguing that granting his motion "would not have the effect of invalidating his federal conviction." (Doc. 11 at 5). This is too clever by half, as Petitioner wishes to use this argument about the magistrate's authority to ultimately invalidate his conviction. He later notes, "Petitioner's case implicates the integrity of the Rule 11 proceeding, and Petitioner has no legal means available other than to reopen his Section 2255 motion so that he [sic] amend the motion and raise his claim." (*Id.* at 6). In other words, Petitioner wishes to use the claim he is advancing to first reopen his proceedings and then invalidate his conviction.

When an apparent Rule 60(b) motion such as this one presents a new claim for relief from a court's judgment, it circumvents § 2255's requirement that new claims be denied unless they rely upon either a new rule of constitutional law or newly discovered facts. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005); 28 U.S.C.

§§ 2244(a), 2255(h). In such cases, the Federal Rules of Civil Procedure only apply "to the extent that they are not inconsistent with any statutory provisions or these rules." *See* 28 U.S.C. § 2255 Rule 12; Fed. R. Civ. P. 81(a)(4). In this case, Petitioner is relying upon a new legal rule announced by the Seventh Circuit in a way that is inconsistent with the requirements of § 2255. While § 2255(h) permits federal Courts of Appeal to authorize second or successive petitions on the basis of a new constitutional rule, Petitioner is seeking relief from the district court by relying upon a case that announces a statutory rule. *See Harden*, 758 F.3d at 891 (reversing criminal conviction on the basis that it violated the Federal Magistrates Act, but declining to reach constitutional claim that a magistrate judge's acceptance of a felony guilty plea violates Article III). Therefore, using Rule 60(b) to advance this claim would conflict with § 2255's statutory provisions.

Because the Court has concluded that this is a second or successive § 2255 motion masquerading as a Rule 60(b) motion, the Court must determine whether it has jurisdiction. Under § 2255(h), successive motions must first be certified by the Court of Appeals. Petitioner has made no showing that he has obtained the requisite certification. Therefore, the present motion must be dismissed as an unauthorized successive motion under § 2255, over which this Court does not have subject-matter jurisdiction. The only recourse available to Petitioner is to seek certification of his successive motion from the appropriate court of appeals. 28 U.S.C. § 2255(h).

Finally, pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court "must issue or deny a

certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may only be issued where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When denying a motion on procedural grounds, the Petitioner is only entitled to a certificate of appealability if he has shown that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Petitioner has shown neither. This Court concludes that jurists of reason would not find it debatable whether Petitioner's Motion states a valid claim of the denial of a constitutional right, or that the Court erred in its procedural ruling. Therefore, the Court declines to issue a certificate of appealability.

IT IS THEREFORE ORDERED that Petitioner's Motion Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, (Doc. 11), is DISMISSED FOR WANT OF JURISDICTION. Petitioner's Motion to Request Counsel (Doc. 10) is DENIED AS MOOT. Certificate of appealability is DENIED.

CASE TERMINATED.


Entered this 3rd day of December, 2014.


                                        s/Joe B. McDade
                                   JOE BILLY McDADE
                            United States Senior District Judge